HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL C. QUIGGLE and ROBERTA L. QUIGGLE,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; DEUTSCHE BANK; SOUNDVIEW HOME LOAN TRUST; NORTHWEST TRUSTEE SERVICES; MERS,<br><br>Defendants. | No. CV-10-5221RBL<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS<br>[Dkt. # 10] |

This matter is before the Court on Defendants, Wells Fargo Bank, N.A. ("Wells Fargo"), Deutsche Bank ("Deutsche"), and MERS' Motion to Dismiss [Dkt. #10].

Plaintiffs apparently lost their home to a foreclosure in which each Defendant played some role. On March 30, 2010, Plaintiffs filed this action, asserting that Wells Fargo "converted Promissory Note[] and Deed of Trust documents to Defendant's own use . . . [by] fraudulent inducement." [Dkt. #1]. Plaintiffs further claim that Deutsche knew of Wells Fargo's acts and "engage[d] in compounding" Wells Fargo's acts for its own gain, and violated international accounting accords. *Id.* Plaintiff does not state any cause of action against MERS. *See id.* Plaintiffs' prayer for relief is for a return of the promissory note, a clearing of title, and $607,500. *Id.*

Defendants seek dismissal of Plaintiff's claims against them under FED. R. CIV. P. 12(b)(6). They argue that the complaint fails to state a claim upon which relief may be granted

ORDER - 1

because "[t]he Complaint fails to articulate any specific facts concerning a wrong that the Defendants allegedly committed." [Dkt. #10].

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Review is limited to the content of the complaint [and properly incorporated documents], and all allegations of material fact must be taken as true, and construed in the light most favorable to the non-moving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), a litigant cannot simply recite the elements of a cause of action to avoid dismissal under this Rule. He must instead "provide the grounds of his entitlement to relief [which] requires more than labels and conclusions." *Id.* at 555 (internal quotations omitted). The litigant must plead a claim that moves "across the line from conceivable to plausible." *Id.* at 570.

Plaintiffs' claims are facially deficient because they merely offer labels and conclusions. The complaint mentions terms such as "fraudulent inducement" and "non disclosure of material facts," but fails to spell out the facts giving rise to such labels. The complaint does not provide enough factual detail to apprise the Defendants of the alleged wrongdoing. The most that can be gathered from the complaint is that (1) Wells Fargo provided a loan to the Plaintiffs that was secured by a mortgage on some property, and (2) Deutsche knew about the loan. There are no facts alleged about MERS. These facts are not enough to state a claim upon which relief can be granted, as a matter of law.

Plaintiffs' response to Defendants' motion also fails to state a claim upon which relief can be granted. In the response, Plaintiffs seem to take an issue with the Defendants' attorneys filing the motion because the "attorneys are not real parties in interest." [Dkt. #14]. However, attorneys are authorized to act on behalf of their clients. RPC 1.2(a). This claim is frivolous.

Next, the Plaintiffs cite to, for the first time, RCW 9.36.110 as "requiring creditors to have a writing" to "base a claim against property." [Dkt. #14]. This argument was not in the complaint and the Plaintiffs have not filed an amended complaint to include this argument. Even

if this argument were in the complaint, the complaint still would not state a claim upon which relief can be granted because the alleged RCW 9.36.110 violation does not contain enough factual detail. Nor does Plaintiffs' complaint, or Defendants' motion, actually relate to any effort on the Defendants' part to do anything with respect to Plaintiffs' property.

While they are pro se, and their pleadings are to be construed liberally in their favor, Plaintiff's are not free to ignore the pleading requirements. The Defendants are entitled to dismissal under the rules where the complaint fails to state a claim upon which relief can be granted.

In response to Defendants' Motions to Dismiss, Plaintiff seeks to strike "false statements to the Court" made by Defendants' regarding their "refus[al] to acknowledge they are subject to RCW 19.36.110." [Dkt. #16]. The Defendants do not deny that they are subject to RCW 19.36.110. The Defendants make two points about this statute: (1) the Plaintiffs failed to mention the statute in their complaint; and (2) the statute "still fails to provide a basis for a claim against the Defendants" because "there are no facts alleging that the parties entered into an oral agreement that is somehow unenforceable." [Dkt. #15]. Thus, the Plaintiffs' Motion to Strike [Dkt. #16] is DENIED.

The Defendants' Motion to Dismiss [Dkt. #10] is GRANTED and Plaintiff's Claims against them are DISMISSED. Because the Plaintiff cannot plead facts consistent with those alleged in his prior complaints that would state a cause of action against these Defendants, the dismissal is WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated this 20th day of October, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 3