THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Michael C. Quiggle; Roberta L. Quiggle, <br><br> Plaintiff, <br><br> v. <br><br> Wells Fargo Bank, NA; Deutsche Bank; Soundview Home Loan Trust; Northwest Trustee Services, Inc.; and MERS <br><br> Defendants, | No. CV-10-5221-RBL <br><br> **ORDER GRANTING NORTHWEST TRUSTEE SERVICE'S MOTION TO DISMISS** <br> [Dkt. #23] |

This matter is before the Court on the defendant Northwest Trustee Services, Inc's Motion to Dismiss pursuant to FRCP 12(b)(6). [Dkt. #23]  This Motion follows the Court's prior dismissal of other defendants [Dkt. #18].

Plaintiffs apparently lost their home to a foreclosure in which each Defendant played some role. On March 30, 2010, Plaintiffs filed this action. They allege that Defendant Northwest engaged in conspiracy when they proceeded with the foreclosure even though they were "in receipt of notice of the fraud, conversion, theft, deceptive trade practices, consume fraud, and predatory lending tactics, violations of BASEL III." *See* Pltf's Compl., Dkt. #1, at 10. They also allege Defendant Northwest "holds no lawfully obtained powers to act as foreclosing agent."

1   Beyond this, the Plaintiffs' claims against Northwest are not clear.  Northwest argues that
2   the Plaintiffs' allegations do not state a claim upon which relief may be granted under Rule
3   12(b)(6).
4   Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal
5   theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*
6   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff's complaint must allege
7   facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937,
8   1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual
9   content that allows the court to draw the reasonable inference that the defendant is liable for the
10  misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts,
11  conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper
12  [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell*
13  *v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to
14  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,
15  and a formulaic recitation of the elements of a cause of action will not do. Factual allegations
16  must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*,
17  550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead
18  "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at
19  1949 (citing *Twombly*).

.  In their response to Northwest's Motion, Plaintiffs filed a Notice of Fraud on the Court
and Motion to Strike Northwest's Motion [Dkt. #25].  This filing mirrors the Response the
Plaintiffs filed to the prior Motion [Dkt. #16.]  It does not address any of Northwest's arguments,

and does not remotely meet the Plaintiffs' burden under Rule 12(b)(6), even taking into account that they are pro se.

Plaintiffs' have not and cannot establish the fraud or the conspiracy they allege in conclusory fashion. They have not, and cannot, state a claim upon which relief may be granted.

Northwest Trustee Services, Inc.'s Motion to Dismiss the Plaintiff's Complaint is GRANTED and the Plaintiffs' Complaint is DISMISSED WITH PREJUDICE. The Clerk shall enter a final judgment reflecting this dismissal of this Defendant as well as the Defendants dismissed in the Court's prior Order [Dkt. #18].

IT IS SO ORDERED.

DATED this 18th day of March, 2011

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE